IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

|  |  |
|---|---|
| KENNETH R. DOOLEY, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 9:13-450-CWH |
| ) | |
| v. ) | **JOINT MOTION FOR APPROVAL OF** |
| ) | **SETTLEMENT AGREEMENT AND** |
| ROHOHO, INC., ) | **DISMISSAL WITH PREJUDICE** |
| ) | |
| Defendant. ) | |

## INTRODUCTION

Plaintiff Kenneth R. Dooley ("Plaintiff") and Defendant Rohoho, Inc., ("Defendant" or "Rohoho") (collectively referred to herein as "Parties"), jointly file this motion for approval of the settlement agreement, requesting that the Court approve the Parties' settlement agreement and dismiss this case with prejudice. This motion is based upon the Confidential Settlement Agreement and General Release ("Settlement Agreement") submitted herewith for *in camera* inspection and all the files, records, and proceedings herein.[1] The Parties agree that the terms set forth in the Settlement Agreement are fair and reasonable and that no hearing before the Court is needed or requested.

## FACTUAL BACKGROUND

On February 19, 2013, Plaintiff filed this lawsuit, purporting to bring a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., ("the Lawsuit"). Plaintiff alleges that he worked as a pizza delivery driver for Defendant and that he was not

---

[1] Courts within the District of South Carolina routinely review and approve FLSA settlements in camera. *See, e.g.*, *Smyth v. Blythewood Investments, Inc.*, Case No. 3:10-1838-CMC, slip op. (D.S.C. March 8, 2011) (reviewing settlement agreement in camera and granting joint motion to approve settlement); *Graham v. Accent Heating & Cooling, LLC*, Case No. 6:09-1778-RBH, slip op. (D.S.C. May 11, 2010); *Cantrell v. Carson's Nut-Bolt & Tool Co., Inc.*, Case No. 6:08-3279-HFF, slip op. (D.S.C. July 20, 2009) (same). Copies of these opinions are attached as Exhibit A.

adequately compensated for automobile-related expenses associated with his employment. (Pl.'s Compl. ¶ 17.)  He contends that when his automobile-related expenses are taken into account, Defendant failed to pay him minimum wage in violation of the FLSA. (*Id.* at ¶ 27.)  On March 18, 2013, Defendant moved to dismiss the case and to compel arbitration based on a pre-employment arbitration agreement entered into between the Parties.  (ECF No. 5.)  After Defendant moved to compel arbitration, the Parties began settlement discussions.  Following several extensions of time, during which the Parties' settlement discussions continued, Plaintiff filed a response on July 8, 2013, indicating that he did not oppose Defendant's motion to compel arbitration.  (ECF No. 15.)  Shortly thereafter, the Parties reached an agreement to settle Plaintiff's claims in this lawsuit.[2]

Through the exchange of documents during the course of three months of settlement negotiations, Plaintiff has had an opportunity to explore all factual and legal issues in this case, including all issues related to his FLSA claim.  Plaintiff is represented by Dale Akins who regularly represents clients in disputes with their employers, as well as the Savannah law firm of Karsman, McKenzie, and Hart[3] which concentrates their practice on plaintiff-side civil litigation.  The Parties, through their respective counsel, have engaged in arms-length settlement negotiations since April 2013.  The terms and conditions of settlement reflected in the Settlement Agreement are a product of the Parties' negotiations and represent a fair and reasonable compromise of the disputed issues in this case.  In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of either litigation or arbitration.

---

[2] Though captioned as a putative collective action, Plaintiff has not moved to certify a class nor has any other potential plaintiff opted into this lawsuit or moved to be added as a party to this lawsuit.  Thus, the only claims currently before the Court are Plaintiff's.  The Parties do not purport to settle any claims on behalf of a putative class.

[3] Because this case is in its early stages and appeared to be headed for arbitration, Karsman, McKenzie, and Hart have not moved for pro hac vice admission.

## LEGAL ANALYSIS

### 1. Standard of Review

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). *See also Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460-61 (4th Cir. 2007), *reinstating* 415 F.3d 364 (4th Cir. 2005) (discussing need for prior approval from court or United States Department of Labor of any waiver or release of FLSA claims).

Although the Fourth Circuit has not set forth specific guidelines for approval of an FLSA settlement, the Eleventh Circuit has, as explained in *Lynn's Food Stores*. A district court, when reviewing a proposed settlement of an FLSA claim must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1353, 1355. *Lynn's Food Stores* essentially established four factors for a district court to examine to determine whether to approve an FLSA settlement:

    1. Was the settlement achieved in an adversarial context?

    2. Was the Plaintiff represented by attorneys who can protect their rights?

      3. Does the settlement reflect a reasonable compromise over issues that are actually in dispute?

      4. Is the settlement fair?

*Id.* at 1353-54.

### 2. A Bona Fide Dispute Under The FLSA Exists As To Liability

Rohoho hired Plaintiff in February 2009 as a non-exempt pizza delivery driver, a position he held until his termination in October 2011. Plaintiff alleges that during the time he worked as a pizza delivery driver, he was not fully compensated for all of the automobile-related expenses, including gasoline, vehicle parts, repair costs, and insurance that he incurred while on the job. He contends that when such expenses are taken into account that he was paid less than minimum wage in violation of the FLSA.

Defendant vehemently disputes Plaintiff's contentions. As Plaintiff rightly alleges, Defendant paid Plaintiff a set amount for each delivery to cover automobile expenses. (Pl.'s Compl. ¶ 16.) Defendant maintains that this reimbursement adequately covered the cost of Plaintiff's automobile expenses. Defendant further maintains that Plaintiff was paid at least the federal minimum wage for all hours worked. Thus a bona fide dispute exists as to Defendant's liability under the FLSA.

### 3. The Settlement Is Fair And Reasonable

Plaintiff's probability of success is uncertain, and settlement of the action in favor of certainty is a fair and reasonable decision. Here, Plaintiff's attorneys are fully aware of the factual contentions of their client and are in the best position to opine as to whether this settlement produces fair results after consideration of risks. The Parties have worked together to reach a final settlement amount that adequately compensates Plaintiff for all claims asserted in this action in light of the defenses raised by Defendant. Plaintiff may get nothing if this case

were to proceed through trial or arbitration. Thus, the settlement is a fair and reasonable resolution of a bona fide dispute.

## **CONCLUSION**

Plaintiff and Defendant respectfully request that this Court enter an Order approving the settlement and dismissing this case with prejudice.

Respectfully submitted this 14th day of August 2013.

| FOR PLAINTIFF | FOR DEFENDANT |
|---|---|
| s/Dale Atkins | s/T. Chase Samples |
| Dale Akins, Esq. (Fed. ID No. 5641) | D. Christopher Lauderdale (Fed. Bar No. 9051) |
| AKINS LAW FIRM, LLC | T. Chase Samples (Fed. Bar No. 10824) |
| P.O. BOX 1547 | JACKSON LEWIS LLP |
| 6 Johnston Way, Unit A | One Liberty Square |
| Bluffton, SC 29910 | 55 Beattie Place, Suite 800 |
| P: 843-757-7574 | Greenville, South Carolina 29601 |
| F: 843-757-7601 | Telephone: 864-232-7000 |
| Email: akinslaw@hargray.com | Facsimile: 864-235-1381 |
| | Email: lauderc@jacksonlewis.com |
| | chase.samples@jacksonlewis.com |

4827-0173-5956, v. 1

5