IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| KENNETH R. DOOLEY, | ) |
| Plaintiff, | ) C.A. No. 9:13-450-CWH |
| v. | ) JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE |
| ROHOHO, INC., | ) |
| Defendant. | ) |

## INTRODUCTION

Plaintiff Kenneth R. Dooley ("Plaintiff") and Defendant Rohoho, Inc., ("Defendant" or "Rohoho") (collectively referred to herein as "Parties"), jointly file this motion for approval of the settlement agreement, requesting that the Court approve the Parties' settlement agreement and dismiss this case with prejudice. This motion is based upon the Settlement Agreement and General Release ("Settlement Agreement") attached hereto as Exhibit A and all the files, records, and proceedings herein. The Parties agree that the terms set forth in the Settlement Agreement are fair and reasonable and that no hearing before the Court is needed or requested.

## FACTUAL BACKGROUND

On February 19, 2013, Plaintiff filed this lawsuit, purporting to bring a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., ("the Lawsuit"). Plaintiff alleges that he worked as a pizza delivery driver for Defendant and that he was not adequately compensated for automobile-related expenses associated with his employment. (Pl.'s Compl. ¶ 17.) He contends that when his automobile-related expenses are taken into account, Defendant failed to pay him minimum wage in violation of the FLSA. (*Id.* at ¶ 27.) On March 18, 2013, Defendant moved to dismiss the case and to compel arbitration based on a pre-

employment arbitration agreement entered into between the Parties.  (ECF No. 5.)  After Defendant moved to compel arbitration, the Parties began settlement discussions.  Following several extensions of time, during which the Parties' settlement discussions continued, Plaintiff filed a response on July 8, 2013, indicating that he did not oppose Defendant's motion to compel arbitration.  (ECF No. 15.)  Shortly thereafter, the Parties reached an agreement to settle Plaintiff's claims in this lawsuit.[1]

Through the exchange of documents during the course of three months of settlement negotiations, Plaintiff has had an opportunity to explore all factual and legal issues in this case, including all issues related to his FLSA claim.  Plaintiff is represented by Dale Akins who regularly represents clients in disputes with their employers, as well as the Savannah law firm of Karsman, McKenzie, and Hart[2] which concentrates their practice on plaintiff-side civil litigation.  The Parties, through their respective counsel, have engaged in arms-length settlement negotiations since April 2013.  The terms and conditions of settlement reflected in the Settlement Agreement are a product of the Parties' negotiations and represent a fair and reasonable compromise of the disputed issues in this case.  In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of either litigation or arbitration.

## LEGAL ANALYSIS

### 1. Standard of Review

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their

---

[1] Though captioned as a putative collective action, Plaintiff has not moved to certify a class nor has any other potential plaintiff opted into this lawsuit or moved to be added as a party to this lawsuit.  Thus, the only claims currently before the Court are Plaintiff's.  The Parties do not purport to settle any claims on behalf of a putative class.

[2] Because this case is in its early stages and appeared to be headed for arbitration, Karsman, McKenzie, and Hart have not moved for pro hac vice admission.

unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). *See also Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460-61 (4th Cir. 2007), *reinstating* 415 F.3d 364 (4th Cir. 2005) (discussing need for prior approval from court or United States Department of Labor of any waiver or release of FLSA claims).

Although the Fourth Circuit has not set forth specific guidelines for approval of an FLSA settlement, the Eleventh Circuit has, as explained in *Lynn's Food Stores*. A district court, when reviewing a proposed settlement of an FLSA claim must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1353, 1355. *Lynn's Food Stores* essentially established four factors for a district court to examine to determine whether to approve an FLSA settlement:

1. Was the settlement achieved in an adversarial context?
2. Was the Plaintiff represented by attorneys who can protect their rights?
3. Does the settlement reflect a reasonable compromise over issues that are actually in dispute?
4. Is the settlement fair?

*Id.* at 1353-54.

    **2.** **A Bona Fide Dispute Under The FLSA Exists As To Liability**

Rohoho hired Plaintiff in February 2009 as a non-exempt pizza delivery driver, a position he held until his termination in October 2011. Plaintiff alleges that during the time he worked as a pizza delivery driver, he was not fully compensated for all of the automobile-related expenses, including gasoline, vehicle parts, repair costs, and insurance that he incurred while on the job. He contends that when such expenses are taken into account that he was paid less than minimum wage in violation of the FLSA.

Defendant vehemently disputes Plaintiff's contentions. As Plaintiff rightly alleges, Defendant paid Plaintiff a set amount for each delivery to cover automobile expenses. (Pl.'s Compl. ¶ 16.) Defendant maintains that this reimbursement adequately covered the cost of Plaintiff's automobile expenses. Defendant further maintains that Plaintiff was paid at least the federal minimum wage for all hours worked. Thus a bona fide dispute exists as to Defendant's liability under the FLSA.

### 3.     The Settlement Is Fair And Reasonable

Plaintiff's probability of success is uncertain, and settlement of the action in favor of certainty is a fair and reasonable decision. Here, Plaintiff's attorneys are fully aware of the factual contentions of their client and are in the best position to opine as to whether this settlement produces fair results after consideration of risks. The Parties have worked together to reach a final settlement amount that adequately compensates Plaintiff for all claims asserted in this action in light of the defenses raised by Defendant. Plaintiff may get nothing if this case were to proceed through trial or arbitration. Alternatively, Defendant may be faced with a judgment in excess of the settlement amount should this matter be decided by an arbitrator or a jury. Thus, the settlement is a fair and reasonable resolution of a bona fide dispute. To assist the Court in its determination of the fairness of the settlement, the Parties' respective positions with respect to damages is below.

**Plaintiff's Position**

The Plaintiff's claims against the Defendant in this case are brought pursuant to the FLSA, 29 U.S.C. §201 *et seq*, which requires that workers receive compensation at least equal to the federal minimum wage of $7.25 per hour, taking into account any job-related expenses which the worker is required to incur for the benefit of the employer.  More specifically, it is the Plaintiff's position that the failure of Ro Ho Ho, Inc. to provide adequate reimbursement for vehicle-related expenses which he was required to incur in the course of his employment effectively caused his total compensation to fall below the federal minimum wage, thereby entitling him to recover damages for minimum wage violations under the FLSA.

Plaintiff Kenneth R. Dooley worked as a delivery driver for Ro Ho Ho, Inc. from 2009 until October, 2011.  However, the extent of the relevant time period for the purposes of computing the Plaintiff's damages in this action is in dispute.  Pursuant to 29 U.S.C. § 255 (a), the ordinary limitations period for a claim under the FLSA is two years, however the period of limitations is increased to three years for claims arising from a willful violation of the Act. Because this action was filed on February 19, 2013, Plaintiff would be entitled to receive compensation for underpayments by Defendant from February 19, 2010 forward if the FLSA violations were found to be willful.  Otherwise, Plaintiff's damages would be limited to the time period from February 19, 2011 through the end of his employment.  Because a determination of the willfulness of the FLSA violations at issue is not possible at this stage in the litigation, Plaintiff has computed his damages based upon the two-year limitations period for the purposes of this settlement.

Based upon Mr. Dooley's W-2's and pay stubs, and annual payroll reports from Ro Ho Ho, Inc., it appears that the Plaintiff logged a total of 682.21 hours on the clock with Ro Ho Ho, Inc. during the relevant time period in 2011.  Thus, using the applicable federal minimum wage

of $7.25 per hour, Mr. Dooley was entitled to receive *at least* $4,946.02 in wages from Ro Ho Ho, Inc. for that time period, *plus* reimbursement for the expenses incurred from the operation of his vehicle. In that regard, Ro Ho Ho, Inc.'s payroll reports reflect that Mr. Dooley put approximately 24,480.91 miles on his vehicle while making deliveries for the Defendant during the relevant time period.

While most sources agree that delivery drivers incur expenses at a higher rate than the average motorist, the Plaintiff has computed his vehicle expenses using a standard reimbursement rate of $0.55 per mile, giving a conservative estimate of $13,464.50 for the amount of vehicle expenses incurred during the relevant period of the Plaintiff's employment. Adding this figure to the applicable minimum wage as computed above gives a total of $18,410.52 in compensation that was owed to Mr. Dooley by the Defendant for his employment during the time period relevant to this litigation.

Mr. Dooley's W-2's and paystubs reflect only $5,749.37 in compensation during the relevant time period, for a difference of $12,661.15 beneath the FLSA minimum. However, the compensation structure employed by Ro Ho Ho, Inc. is such that the Defendant's delivery drivers are paid additional amounts as reimbursement for vehicle-related expenses, which amounts are not reflected on the driver's W-2's and paystubs. In this case, it is believed that Ro Ho Ho, Inc. paid Mr. Dooley a total of $5,111.07 in reimbursement for vehicle expenses over the course of his employment. While it is not possible for the Plaintiff to determine precisely what portion was paid for expenses incurred during the relevant time period of 2011, Plaintiff estimates that these additional reimbursements would reduce the amount of underpayment during that time period by approximately $2,100.00.

In light of the foregoing, the Plaintiff believes that the figure of $10,561.15 constitutes a reasonable approximation of the value of his claim for violation of the FLSA's minimum wage

provisions against the Defendant. However, Plaintiff acknowledges that there may be genuine disputes of material fact underlying these calculations to be determined in the arbitration of these claims, and therefore that the agreed-upon settlement amount constitutes a fair and equitable resolution of this action.

**Defendant's Position**

Plaintiff asserts a single cause of action for failure to pay the minimum wage in violation of the FLSA. Plaintiff concedes that his hourly rate inclusive of wages and tips, exceeded the minimum wage. However, he contends that he actually received less than minimum wage when one considers the automobile-related expenses that he incurred as a delivery driver for Defendant. To succeed on his claim in this lawsuit Plaintiff must demonstrate that he received less than minimum wage taking into account his automobile-related expenses. Plaintiff cannot meet his burden because the mainly undisputed facts make clear that he was fully compensated for all automobile-related expenses during his employment.

As an initial matter, though Plaintiff worked for Defendant for 32 months between February 11, 2009, and October 26, 2011, because this lawsuit was not filed until February 19, 2013, only eight months of his employment falls within the two-year statute of limitations applicable to his FLSA claim. *See* 29 U.S.C. § 255. The FLSA statute of limitations extends to three years for willful violations of the FLSA, but Plaintiff has failed to provide any evidence of willfulness to support application of the three-year limitations period. Thus, this lawsuit is about compensation for automobile-related expenses for an eight-month period.

During the last eight months of his employment, Plaintiff was paid $5,915.30 in wages and tips for 702.12 hours of work, which produces an hourly rate of $8.42. In addition to this amount, Plaintiff was paid $1,693.76 for the <u>specific purpose</u> of compensating him for his automobile-related expenses. Thus, Plaintiff's total compensation for the relevant eight month

time period was $7,609.06. Minimum wage based on 702.12 hours of work is $5,090.37. Thus, Plaintiff received $2,518.69 over and above the federal minimum wage during the last eight months of his employment. To succeed on his claim in this lawsuit, Plaintiff must demonstrate that it cost him more than this amount to operate his vehicle during this time period. He cannot do this.

Plaintiff attempts to show his entitlement to damages by arguing that he should be reimbursed for 24,480.91 miles at the IRS mileage rate of $.55 per mile.[3] As an initial matter the IRS mileage rate in 2011 was $.51 per mile. Regardless, Defendant is unaware of any authority that requires reimbursement for automobile-related expenses under the FLSA at the IRS rate. Rather $.55 is the maximum rate at which the IRS allows reimbursement for mileage before it considers such payments to represent income. All that is required under the FLSA is that he receive minimum wage for all hours that he worked. Defendant's records reveal that Plaintiff was driving a 1990 Toyota Corolla, the full NADA value of which was $1,350 in March 2010. Thus, Defendant maintains that the $2,518.69 that Plaintiff received over and above minimum wage more than sufficiently compensates him for any automobile-related expenses that he incurred during the last eight months that he worked for Defendant.

Because Plaintiff has been fully compensated for all automobile-related expenses that he incurred, he is entitled to nothing in this lawsuit. However, in light of the risks inherent in any litigation or arbitration and the cost of litigation or arbitration, Defendant submits that a settlement of $5,000 is a fair and reasonable resolution of this lawsuit.

---

[3] It is unclear how Plaintiff determined the number of miles that he drove for Defendant during this time period. According to Defendant's records, Plaintiff had 1,411 deliveries during the last eight months of his employment, and, thus, he most likely drove significantly less than 24,000 miles.

## **CONCLUSION**

Plaintiff and Defendant respectfully request that this Court enter an Order approving the settlement and dismissing this case with prejudice.

Respectfully submitted this 22nd day of November 2013.

FOR PLAINTIFF

s/Dale Akins
Dale Akins, Esq. (Fed. ID No. 5641)
AKINS LAW FIRM, LLC
P.O. BOX 1547
6 Johnston Way, Unit A
Bluffton, SC 29910
P:  843-757-7574
F:  843-757-7601
Email:  akinslaw@hargray.com

FOR DEFENDANT

 s/T. Chase Samples
D. Christopher Lauderdale (Fed. Bar No. 9051)
T. Chase Samples (Fed. Bar No. 10824)
JACKSON LEWIS LLP
One Liberty Square
55 Beattie Place, Suite 800
Greenville, South Carolina 29601
Telephone: 864-232-7000
Facsimile: 864-235-1381
Email:  lauderc@jacksonlewis.com
          chase.samples@jacksonlewis.com

9