# EXHIBIT A

*Settlement Agreement*

## SETTLEMENT AGREEMENT
## AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into by and between Kenneth R. Dooley, his heirs, estate, executors, administrators, personal representatives, successors, and/or assigns (collectively, "Mr. Dooley") and Rohoho, Inc. ("Rohoho") (collectively the "Parties") and is based on the following recitals:

On February 19, 2013, Mr. Dooley filed an action against Rohoho which is currently pending in the United States District Court for the District of South Carolina, styled Kenneth R. Dooley v. Rohoho LLC, Civil Action No. 9:13-450-CWH, in which he seeks relief for alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. (the "Action"); and

Mr. Dooley and Rohoho desire that all disputes between them, including but not limited to those in the Action, be terminated and resolved without further litigation or adjudication; and

In consideration of the promises and mutual covenants contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Parties, the Parties agree:

1. **Consideration.** In consideration for signing this Agreement, including the promises herein, and for the compliance with the promises made herein by the undersigned, Mr. Dooley agrees to accept the gross amount of five thousand dollars ($5,000.00) subject to applicable W-2 withholdings and deductions to be paid by a check made payable Mr. Dooley as follows: "Kenneth R. Dooley." Mr. Dooley acknowledges and agrees that he is solely responsible for any and all additional federal, state and local taxes that may be due from the settlement sum, whether it is determined that any additional taxes are owed based on the taxation laws in effect on the date of execution of this Agreement or that may become due at any time in the future because of a change to the laws governing the taxation of such settlement proceeds. **Mr. Dooley expressly acknowledges and agrees that he is relying upon his own legal and/or tax advisors, and not upon Rohoho or its attorneys, with respect to any tax aspects of this Agreement.** Mr. Dooley further acknowledges and agrees to indemnify and hold Rohoho harmless in the event that any federal, state, or local taxing authority asserts any claim for liability, including, but not limited to, unpaid taxes, failure to withhold taxes, penalties, interest, or other sums that may become due to any taxing authority based upon the terms of this Agreement. It is expressly agreed that if Rohoho is required to provide payments for taxes or interest or penalties to any taxing authority based upon the terms of this Agreement, Mr. Dooley shall reimburse Rohoho for such payments to such taxing authority within ten (10) calendar days after Rohoho notifies Mr. Dooley, in writing, via certified mail, return receipt requested, that it has incurred such liability. Rohoho agrees to make the Settlement Payment within 21 days of the execution of this Agreement by Mr. Dooley. Mr. Dooley's Attorney agrees to hold the Settlement Payment in trust and not disburse it until such time as the Court approves the settlement, as more fully described below.

2. **No Consideration Absent Execution of this Agreement.** Mr. Dooley understands and agrees that he would not receive the monies and/or benefits specified in paragraph "1" above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

3. **General Release of All Claims**. Mr. Dooley knowingly and voluntarily releases and forever discharges Rohoho LLC, its owners, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Mr. Dooley has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of The Fair Labor Standards Act of 1938 ("FLSA"); any other laws related to the payment of wages; any other federal, state or local law, rule, regulation, or ordinance; any public policy, contract, tort, or common law; or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Mr. Dooley waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Rohoho or any other Releasee identified in this Agreement is a party.

4. **Dismissal of Action.** Upon complete execution of this Agreement, or within three (3) business days thereof, the Parties agree that Rohoho's counsel will cause to be filed with the Court a Joint Motion for Court Approval of Settlement, attached hereto as Exhibit A. Should the Court not approve the settlement, the Parties agree that they will have forfeited no rights and will revert to the status of the Action as it existed on July 23, 2013.

5. **Acknowledgments and Affirmations.**

Mr. Dooley has not filed, caused to be filed, or is presently a party to any claim against Rohoho or any of the Releasees with any local, state, or federal agency or court, except for the Action referenced above;

Mr. Dooley has not divulged any financial, proprietary or confidential information of Rohoho and Mr. Dooley will continue to maintain the confidentiality of such information consistent with Rohoho's policies and/or any applicable common law;

Mr. Dooley has not suffered and/or sustained any work-related accidents, injuries and/or occupational diseases while affiliated with Rohoho for which issues of liability have not already been fully resolved; and

Both Mr. Dooley and Rohoho acknowledge that this Agreement does not limit either party's right, where applicable, to file or to participate in an investigative proceeding of any federal, state, or local governmental agency. To the extent permitted by law, Mr. Dooley

agrees that if such an administrative claim is made, Mr. Dooley shall not be entitled to recover any individual monetary relief or other individual remedies.

6. **Covenant not to Publicize.** The Parties acknowledge that settlement of claims brought pursuant to the Fair Labor Standards Act requires approval by the Court and that the Court may require that this Agreement be part of the record for the Action.

However, the Parties and their respective attorneys and representatives agree not to publicize the terms of this Agreement to any person, newspaper, magazine, radio or television station, present or former employees of Rohoho, and Internet site, blog or other posting except as required by law, by Releasees' business operations or as specified herein. If it is established that Mr. Dooley breached or caused any breach of this covenant of non-disclosure or of any other clause of this Agreement by a court or other entity of competent jurisdiction, Mr. Dooley will (i) forfeit any monies due, but unpaid hereunder; (ii) be liable for all actual damage; (iii) pay Rohoho liquidated damages of $2,500; and (iv) be liable to Rohoho for attorneys' fees up to $5,000.

Nothing contained herein shall be construed to prevent the disclosure of the amount and terms of settlement to the Parties' accountants, auditors, financial advisors, spouse, attorneys, tax authorities, or to any regulatory agency or court when required by law or court order to do so.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of South Carolina without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, except for the arbitration agreement between the Parties, which remains in full force and effect. Mr. Dooley acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

11. **Acknowledgement.**

DOOLEY HAS READ AND FULLY CONSIDERED THIS AGREEMENT AND THE RELEASE LANGUAGE HEREIN AND DESIRES TO ENTER INTO THIS AGREEMENT. DOOLEY HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO HIS EXECUTION OF THIS AGREEMENT AND GENERAL RELEASE.

DOOLEY FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST ROHOHO.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

_____
Kenneth R. Dooley

Date: 11/11/13

_____
Dale Akins
Attorney of Record

Date: 11-11-13

Page 4 of 5

ROHOHO, LLC

By: _____
Don Bauer
Authorized Agent

Date: 11/21/13